IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| ERIK JAMES MURRELL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-1047-JDT-egb |
| | ) | |
| MICHAEL DONAHUE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On March 4, 2015, Plaintiff Erik James Murrell, who is incarcerated at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On March 9, 2015, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.)

On April 12, 2016, the Court issued an order dismissing the complaint for failure to state a claim but granting leave to amend within thirty days. (ECF No. 6.) Plaintiff was warned that failure to file an amendment would result in the entry of judgment and assessment of a "strike" pursuant to 28 U.S.C. §1915(g). (*Id.* at 11.) However, Plaintiff has not filed an amended complaint, and the time within which to do so has expired. Therefore, judgment will be entered in accordance with the April 12, 2016, order of dismissal.

For the reasons stated in the order of dismissal, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal would not be taken in good faith.

A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. §§ 1915(a)-(b). Therefore, Plaintiff is instructed that if files a notice of appeal and wishes to take advantage of the installment procedures for paying the $505 appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE